Mr. Justice Merrick
delivered the opinion of the Court:
This is a bill filed by creditors for the purpose of setting aside an alleged fraudulent assignment by the debtor to an assignee for the benefit of creditors, and charging that several of the preferences are fraudulent. The bill has divers aspects. In one aspect it is a bill by a judgment creditor, after a return of nulla bona, seeking to charge the estate in the hands of the assignee. In another aspect it is a bill by the same individual for a cause of action arising out of a different transaction, in which he had sold goods to the de *513 fendant, and, as he alleges, the defendant was at the time notoriously insolvent and never meant to pay, so that the contract was void on account of the fraud and imposition on him, and he was entitled to reclaim the goods. But inasmuch as the goods, with the title to which he never had parted by, reason of the fraud, had been under the assignment mingled with the other goods in the hands of the assignee, so that they could not be identified and followed, he was entitled in equity to charge the fund with the value of those goods, having no remedy at law, by reason of the fraudulent confusion of the goods.
There are other aspects of the bill also. We need not, however, consider at present anything but the first predicament.
The defendants demurred to the bill on the ground that the execution which had been issued upon the judgment had been returned nulla bona, and that, therefore, whatever were the equitable rights of the party, they had been lost by the return of nulla bona. This Court is of opinion that the position is not tenable.
There are two classes of cases in which a judgment creditor may go into a court of chancery for relief against an alleged fraudulent debtor. One is where he has frauduTently conveyed property the title to which was in him; the other, in which he has no legal title whatsoever to the property, but only an equitable interest; and in such case execution will not avail at law, because equitable personal property cannot be seized in execution for debts of law. In this latter case it is the uniform practice and the necessary practice to have a return of nulla bona so that it may be shown that the legal remedy has been exhausted, and then the court of chancery, after the bill is filed, will consider that a lien attaches to the property by the filing of the bill.
In the former case, where the party had the legal title to property and has assigned it over in fraud, likewise, in the *514 opinion of this Court, if he has a return of nulla bona, he shows that he has exhausted all reasonable legal remedy and that he is not to be driven to the hazard, by reason of the fraudulent conduct of others, of having to give a bond of indemnity to the marshal before the marshal will proceed, or of risking the danger of litigation with those who claim title under the assignment. It is sufficient if he shows that there is no other property liable to his execution, which showing is made conclusive by the return of nulla bona. He is then in the legal predicament where he may resort to a court of equity for the purpose of removing the obstruction to his execution, and it is not necessary that the execution should have been kept alive. It is enough to sustain the chancery jurisdiction to show that there is no tangible property open to execution.
The point made by the defendants by the demurrer in this case was simply this, as we understand it: that the execution having been returned nulla bona, thereby the lien failed utterly, and failing the lien, he had not exhausted his legal remedies and has no standing in a court of equity. We think otherwise. Therefore, the demurrer is overruled-with leave, of course, to the defendants to answer and to proceed to endeaver to procure such a decree as may be appropriate when the whole case is developed.

Decree reversed and cause remanded 'accordingly.